United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John Shekerjian,　　　　　　　　　　　　　　　　　　　　　Case No. 07-55859-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　　　　Chapter 7
_____/

D.A.N. Joint Venture, III, LP,
　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 08-4838

John Shekerjian,
　　　　　　Defendant.
_____/

Opinion and Order Denying Defendant's Motion to Dismiss

I.

John Shekerjian filed for chapter 11 relief on August 13, 2007. On April 15, 2008, the case was converted to chapter 7. On July 21, 2008, D.A.N. Joint Venture III, L.P. filed this adversary proceeding objecting to the discharge under §§ 727(a)(2)(A), (a)(2)(B), and (a)(4)(A).

In Count I of the complaint, D.A.N. alleges that the debtor failed to disclose on his schedules several corporations in which he maintains some form of ownership interest, including: John Richards Homes Building Co., LLC; John Richards Homes Construction, LLC; and John Richards Homes Management, LLC. D.A.N. also alleges that the debtor's schedule B fails to disclose any interest in John Richards Building Co., John Richards Homes Signature Series, LLC, Shekerjian Family, LLC, and Shekerjian LLC. D.A.N. alleges that the debtor's failure to disclose these properties evidences an intent by the debtor to conceal his interests in violation of § 727(a)(2)(A).

In Count II of the complaint, D.A.N. alleges that the debtor testified that he earns fees from

his role as manager of Just Homes, LLC and RAP of Michigan, two entities in which he claims no ownership interest but which are owned in part by the Shekerjian Family or the Children's Trust. D.A.N. asserts that these sources of income are not disclosed on the debtor's schedules. D.A.N. alleges that the failure to disclose these assets and sources of income constitutes concealment of property after the date of filing the petition in violation of § 727(a)(2)(B).

In Count III of the complaint, D.A.N. alleges that the debtor owes D.A.N. $2,587,369.78, however, D.A.N. was not disclosed as a creditor on the debtor's schedules. D.A.N. asserts that the debtor's failure to disclose it as a creditor constitutes a false oath in violation of § 727(a)(4).

On March 30, 2009, the debtor filed a motion to dismiss. Following a hearing on June 1, 2009, the Court requested additional briefing from D.A.N. and took the matter under advisement.

II.

In support of his motion to dismiss, the debtor first argues that D.A.N. does not have standing to object to the discharge because its debt has been satisfied. The debtor contends that D.A.N.'s claim is the result of a purported assignment of three notes (Notes 18, 36 and 59) from Fifth Third Bank. However, the debtor argues that he entered into a settlement agreement with Fifth Third Bank prior to the assignment which resulted in the satisfaction of its indebtedness to Fifth Third Bank.

The debtor contends that D.A.N. has perpetrated a fraud upon the Court by presenting to the Court "Lost Note Affidavits" and "Assignment of Lost Notes" when those notes were previously satisfied by the settlement agreement with Fifth Third Bank. Because D.A.N. is not a creditor, the debtor contends that this case should be dismissed.

The debtor further contends that even if D.A.N. has standing to object to the discharge, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). With respect to the

2

claim under § 727(a)(2)(A), the debtor acknowledges that he did initially fail to separately list certain companies that were either fully owned by the debtor's other companies which were disclosed, or companies that were not income producing companies, did not have assets, or did not have profits within one year of the bankruptcy filing. However, the debtor contends that he has since amended his schedules. The debtor argues that there was no intent on his part to hide assets.

With respect to the claim under § 727(a)(2)(B), the debtor asserts that it is not clear what property of the estate D.A.N. is referring to. The debtor also contends he does not have any ownership interest in the entities listed in paragraph 31 of the complaint.

Finally, the debtor argues that the claim under § 727(a)(4)(A), which alleges that the debtor made a false oath by failing to list the debt to D.A.N. on his schedules, should be dismissed because the notes which form the basis of D.A.N.'s asserted debt were satisfied several months before D.A.N. alleges to have purchased them from Fifth Third Bank.

III.

D.A.N. first contends that it does have standing to file this complaint because it does have a valid claim against the debtor. D.A.N. argues that the settlement agreement that the debtor entered into with Fifth Third is not controlling and did not satisfy the debtor's obligation to Fifth Third or to D.A.N. because the full amount of the debt ($7.7 million) was never paid.

At the hearing, the Court questioned whether D.A.N. could be a creditor in light of the fact that it did not have possession of the original notes. D.A.N. responded in a supplemental brief that the notes are negotiable instruments covered by the U.C.C. and that it has the right to enforce the notes pursuant to § 3-309 of the U.C.C.

D.A.N. further contends that it has stated claims under §§ 727(a)(2)(A), (a)(2)(B) and

(a)(4)(A).

IV.

D.A.N.'s standing to object to the discharge is dependant upon it having a claim against the debtor. The notes in question are negotiable instruments, governed by the U.C.C., because they are payable to a named party or to order, at a definite time or on demand, and do not contain an undertaking other than the payment of money. M.C.L.A. § 440.3104.

M.C.L.A. § 440.3309 governs the enforcement of lost, destroyed, or stolen instruments and provides:

> Sec. 3309. (1) A person not in possession of an instrument is entitled to enforce the instrument if (I) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

M.C.L.A. 440.3309 (footnote omitted.)

As the assignee of the notes in question, D.A.N. can enforce the notes if it can establish that Fifth Third satisfied the requirements of M.C.L.A. § 440.3309 before the assignment. *See Beal Bank, S.S.B. v. Caddo Parish- Villas South, Ltd.*, 218 B.R. 851 (N.D. Tex. 1998). Thus, the Court concludes that the fact that D.A.N. does not have possession of the original notes does not preclude D.A.N. from attempting to enforce the notes.

4

The Court further concludes that there are genuine issues of material fact as to whether the notes are enforceable. The debtor's motion to dismiss for lack of standing is therefore denied.

V.

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, the court need not accept a "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

In *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009), the Sixth Circuit summarized the standard for evaluating a Rule 12(b)(6) motion:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1974, 1965 (2007), the Supreme Court stated that to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."
> Just weeks after the Twombly decision, however, the Supreme Court cited *Twombly* to reaffirm the liberal pleading standard in Rule 8(a)(2): "Rule . . . 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). On several occasions, the Sixth Circuit has identified "uncertainty regarding the scope of *Twombly*," and noted that *Twombly* may be "limited to expensive, complicated litigation." *Gunasekera*, 551 F.3d at 466. In reviewing a motion to dismiss, "[w]e read *Twombly* and *Erickson* in conjunction with one another." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

*Tackett* at 488-89.

Rule 12(b)(6) does not permit courts to consider evidence extrinsic to the pleadings.

5

*Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). The court's duty is to determine whether the defendant is entitled to prevail on a motion to dismiss based solely upon the factual allegations contained in the complaint. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).

In Count I of the complaint, D.A.N. seeks denial of the discharge under § 727(a)(2)(A). To prove nondischargeability under § 727(a)(2)(A), the petitioner must prove two elements: "(1) a disposition of property, such as concealment, and (2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.'" *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000) (citation omitted).

In the complaint, D.A.N. focuses on the debtor's alleged failure to list numerous corporate interests on his schedules. D.A.N. alleges that this evidences the debtor's pattern of shifting assets and interests among several different corporate entities, creating a virtual shell game to hide assets from creditors. D.A.N. alleges that this pattern continued throughout the one-year period preceding the bankruptcy filing. The Court concludes that D.A.N. has stated a claim under § 727(a)(2)(A).

In Count II of the complaint, D.A.N. seeks denial of the discharge under § 727(a)(2)(B). While § 727(a)(2)(A) encompasses the debtor's pre-petition acts, his post-petition actions fall within the scope of § 727(a)(2)(B), which requires proof that the debtor "(1) transferred, removed, destroyed, mutilated, or concealed property of [his] bankruptcy estate, (2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate, (3) after the Petition Date." *Harker v. West* (*In re West*), 328 B.R. 736, 752 (Bankr. S.D. Ohio 2004).

D.A.N. alleges that the debtor failed to disclose on his schedules income from Just Homes, LLC and RAP of Michigan, LLC. D.A.N. also alleges that the debtor failed to disclose these entities as assets. D.A.N. alleges that these entities were formed post-petition, but pre-conversion. D.A.N.

alleges that the failure to disclose these entities and income constitutes concealment of property of the estate after the filing of the petition. The Court concludes that D.A.N. has stated a claim under § 727(a)(2)(B).

In Count III of the complaint, D.A.N. seeks denial of the discharge under § 727(a)(4)(A). To satisfy this subsection, D.A.N. must prove: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false when he made it; (4) the debtor fraudulently intended to make the statement; and (5) the statement materially related to the bankruptcy case. 11 U.S.C.A. § 727(a)(4)(A); *Hendon v. Oody* (*In re Oody*), 249 B.R. 482, 487 (Bankr. E.D. Tenn. 2000). Section 727(a)(4)(A) includes both affirmative false statements and omissions. *Searles v. Riley* (*In re Searles*), 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004). This includes a debtor's statements and schedules which are executed under oath and penalty of perjury and testimony given at a meeting of creditors. *Buckeye Ret. Co., LLC v. Heil* (*In re Heil*), 289 B.R. 897, 907 (Bankr. E.D. Tenn. 2003).

In the complaint, D.A.N. contends that as of the date of conversion, D.A.N. was owed $2,587,369.78, however, neither D.A.N. nor Fifth Third were disclosed on the schedules. The Court concludes that D.A.N. has pled sufficient facts to state a claim under § 727(a)(4)(A).

Accordingly, the debtor's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) is denied.

Not for Publication

**Signed on August 03, 2009**

                                                                               **/s/ Steven Rhodes**
                                                                               **Steven Rhodes**
                                                                               **United States Bankruptcy Judge**